Parker, C. J.,
delivered the opinion of the Court. The question presented by this case is twofold : 1. Whether the action can be maintained for the whole sum demanded, which is claimed as a reimbursement of expenses incurred from November 14, 1810, to November 22, 1814, notwithstanding the proviso in the ninth section *of the statute, which must be construed to be a limitation of the action to the term of two years after the cause of action accrued.
It is insisted by the plaintiffs that this limitation is not applicable to a case like the present, where there had been a previous action, upon which judgment was recovered by the plaintiffs, and where the expenses sued for accrued during the pendency of the former suit.
But we are not able to make such an exception to the express provision of the legislature; nor are there any equitable reasons inducing us to wish that we had such power. The defendant town, in such suits, knows nothing necessarily, but that they are called upon to reimburse the plaintiffs for expenses, which had accrued up to the time of the commencement of the suit which is brought against them. Whether the person who has caused the expense continues to be a charge upon the town, which has sued them or not, they may be ignorant. The distress which called for the relief may have been temporary, and may have ceased; or the person may have left the town where he fell into distress, and have gone to some other place. There is no continuance of the liability, therefore, in consequence of the existence of the suit; but every subsequent right of action must stand independent of that which has preceded, and must be subject to the same restrictions in the statute.
All the expenses, therefore, which are sued for in this action, and which accrued more than two years before the commencement of the suit, are barred by the proviso of the statute, which, it has been determined, will be taken notice of by the Court, without its being pleaded by the defendant; because, by the statute, the plain *164 tiffs’ right of action is conditional, viz., that it be brought within two years after the accruing of the expense.
2. Another question is, whether the residue of the sum can be recovered, no notice having been given to the overseers of Harwich before the suit brought. * And we are clear that it cannot; the notice in the former suit, or the pro ceedings in that suit, having no relation to this, except to conclude the defendants upon the question of settlement. For the reasons before stated, applicable to the other question, the notice should be renewed upon every new cause of action. The purpose and object of the notice is to give the town called upon the election of taking the pauper home, and supporting him within their own town. Now, the proceedings in the former suit cannot inform them that the person is still a pauper; or that he has not acquired a settlement in some other town, which may be done in several of the ways provided in the statute, in less time than elapsed between the commencement of this and the former suit. The notice to the overseers of the town sued is a sine qua non of the action.
The plaintiffs, then, cannot have judgment on the facts before us; but as it has been suggested that it may be in their power, on another trial, to prove the requisite notice to the defendants, a new trial is to be had for that purpose, according to the agreement of the parties, (a)

 [Belfast vs. Leominster, 1 Pick. 123.—Ed.]