Fall River<br>Iron Works<br>*v.*<br>Croade<br>& Tr.

## The Inhabitants of ATTLEBOROUGH *versus* The Inhabitants of MANSFIELD.

Under *St.* 1793, *c.* 59, § 9, [Revised Stat. *c.* 46, § 13,] whereby a town furnishing support to a pauper may be entitled, under certain circumstances, to recover against the town in which the pauper has his settlement, for expenses incurred within a period of three months before, and two years after, notice of the pauper's having become chargeable, it is immaterial whether the support has been continuous or only occasional.

ASSUMPSIT to recover the expenses incurred by the plaintiffs in the support of Jason and Lucy White and their children, and the expenses of the burial of Jason White. The legal settlement of the paupers was in Mansfield.

At the trial, before *Morton* J., it was proved, that the paupers became chargeable to the plaintiffs in the autumn of 1826 ; that Jason White died on October 8, 1826 ; that on October 18, 1826, the overseers of the poor of Attleborough gave due notice thereof to the overseers of Mansfield ; that on October 11, 1826, Lucy White went to the house of Zachariah White, her father-in-law, who gave information thereof to the overseers of Attleborough ; that thereupon the overseers of Attleborough agreed with him for the support of the paupers, till further orders ; that soon afterwards, two of the overseers of Mansfield told Zachariah White, that if he would keep the paupers two days, they would come and remove them ; he saying, that he would charge nothing if they removed them, according to their agreement ; that the overseers of Mansfield did not remove the paupers ; and that afterwards another overseer of Mansfield called at Z. White's and told him to keep Lucy White till she was taken away, and to charge the expenses of her support to the town of Attleborough ; that in about four weeks, Lucy White and two of the children went

to the house of her father John Hall, in Norton, and remained there till some time in December, when she went to one Thacher's, in Attleborough, by whom she was hired as a nurse ; and that while they were at Hall's, he saw the overseers of Mansfield, and told them, that while she lived with him, no charge should be made for her support, and that if she went to Attleborough and became chargeable, he would let them know it.

It was further proved, that Thacher paid her wages for a few weeks, when she became unwell and left his house ; that after her recovery she returned and continued with him several weeks without receiving wages ; that she was then again taken sick, and died at his house about the last of June 1827 ; that notice was given by Thacher to the overseers of Attleborough, of her being chargeable in her last sickness ; that her furniture and effects were never removed from Attleborough till after her decease, when they were taken away by one of the overseers of Mansfield ; and that the expenses incurred by the town of Attleborough in the support and funeral charges of the paupers, amounted to the sum of $62·31.

There was no evidence that the town of Attleborough had knowledge of any attempt by the town of Mansfield, or its overseers, to remove or provide for the paupers.

The defendants brought into court the sum of $24, which was sufficient to cover all the expenses at the time of the death of Jason White, including those of his burial.

The defendants contended, that as no expenses were incurred by the town of Attleborough, from October 10, 1826, until the last of June 1827, the defendants were not liable in this action for any expenses incurred after October 18, 1826, on the ground, that they had not received notice.

The defendants were defaulted. If the plaintiffs were entitled to recover, judgment was to be rendered in their favor ; otherwise, they were to be nonsuited, or such other order made, as in the opinion of the whole Court the case should require.

Oct. 29th,
1830.
Coffin and Russell, for the defendants, cited Sidney v Augusta, 12 Mass. R. 316.

Baylies and Cobb, for the plaintiffs, cited Hallowell v

*Harwich*, 14 Mass. R. 186 ; *Walpole* v. *Hopkinton*, 4 Pick.
358 ; *Sidney* v. *Augusta*, 12 Mass. R. 316.

MORTON J. afterwards drew up the opinion of the Court.

This case must turn upon the proper construction of one of
the provisions of the 9th section of *St.* 1793, *c.* 59. This
section imposes upon overseers of the poor the duty of pro-
viding for the immediate relief and comfort of all such persons
as may fall into distress in their respective towns, although
they may not have a legal settlement therein, " *the expenses
whereof incurred within three months next before notice given to
the town or district to be charged,*" may be recovered in a
civil action, or by complaint in the manner afterwards pro-
vided in the same statute.

This notice is an indispensable prerequisite to the support
of any action for expenses incurred in the relief of paupers
by a town in which they are not settled. And the right to
recover is expressly limited to a period commencing three
months before and continuing two years after notice given.
*Uxbridge* v. *Seekonk*, 10 Pick. 150. But it does not, under
all circumstances, cover the whole of this period. Expenses
may be incurred within it, which cannot be recovered under
the notice.

If the town furnishing the supplies sue for them, it cannot
again, without a new notice, recover for any expenses incurred
after the commencement of the first action. *Hallowell* v.
*Harwich*, 14 Mass. R. 186 ; *Walpole* v. *Hopkinton*, 4 Pick.
358. So if the town to whom the notice is given, pay the
expenses then incurred, or otherwise comply with the require-
ment of the notice, it will not be again or further liable with-
out a new notice. *Sidney* v. *Augusta*, 12 Mass. R. 316.
And if, upon notice, the paupers be actually removed to the
place of their settlement or otherwise provided for by the
town to which they belong, the same rule applies.

But the case at bar does not come within any of these
exceptions. No prior suit was commenced by the plaintiffs.
The defendants never paid for the expenses incurred before
tne notice ; nor removed the paupers to the place of their
settlement ; nor provided for their support in the town where
they were, or elsewhere. Although the widow, with two of

Attle-
borough
v.
Mansfield.

her children, passed a few weeks in the family of her father in Norton, yet it was rather a visit than a change of domicil. The pittance of household furniture and other chattels left by her husband remained in Attleborough. To them she soon returned, and there continued to reside till her death. Al-though the overseers of Mansfield proposed, and actually agreed, to remove the paupers from Attleborough, yet they in fact never executed their agreement ; but on the contrary, one of them, instead of removing the paupers, directed the keeper of them to continue to charge the expenses of their support to Attleborough.

During the time covered by the plaintiffs' account, there was a period of several weeks, perhaps months, in which no supplies were furnished to the paupers. But they were residents of Attleborough, peculiarly liable to fall into distress, and at all times requiring some care from the officers of that town, as they were every day liable to be called upon to relieve their necessities. Will a notice cover continued supplies only ? and if not, what interruption will require a new notice ? It is not uncommon for poor persons to need occa sional relief. And a small amount delivered to them at proper intervals, as their health, or the state of the weather, or their inability to find employment, renders it necessary, may save them from the almshouse, and their town from the expenses of their continued support. And when one advance is made, it cannot be known whether any more will be needed ; nor, if so, when it will be needed. This must depend on future contingencies.

Must a new notice be given every time a week's board is paid, or a few articles of provision, or a little money, is ad vanced ? We think not. Such a rule would create expense, embarrassment, and trouble, without producing any counter-vailing advantages. It is not perceived that any inconvenience would result from extending the effect of the notice over the whole period of the limitation, whether the support be continued, or occasional. The town in which the paupers are settled always have the power, by removing the paupers or by providing for their support in their own way, to prevent any impos'tion or unfair advantage by the town in which the

paupers may happen to be. If the former chooses to suffer the paupers to remain, without paying the expenses which have accrued, or taking them off the hands of the latter, what reason can they have to complain if they are left to rely on the very short limitation prescribed by the statute ? We think, none. And under the circumstances disclosed on the trial we are of opinion, that no new notice was necessary, and that the plaintiffs are entitled to recover the amount of their claim.

*Judgment for the plaintiffs.*