INHABITANTS OF TOPSFIELD *vs.* INHABITANTS OF MIDDLETON.

When a town, on receiving notice that one of its paupers is supported in another town, replies to the notice by denying that his settlement is in the town, and neither removes him nor makes any provision for his support, it is liable, without any new notice, for the expenses incurred by the other town for his support, after the notice as well as before, until suit brought.

ASSUMPSIT to recover $66·33, the amount of supplies furnished by the plaintiffs to a pauper, whose settlement was alleged to be in Middleton.

At the trial in the court of common pleas, before *Allen,* J. it was proved that due notice was given, by the plaintiffs, to the defendants, on the 24th of March 1840, that the pauper had fallen into distress, and that the plaintiffs were affording him relief; and that the defendants, on the next day, duly answered said notice, and denied that the pauper had a settlement in their town. It was also proved that, on the day when said notice was given, the supplies which the plaintiffs had furnished to the pauper amounted to $19·50 only; but that the pauper was, on that day, and for some time after, a continuing charge upon the plaintiffs, until the whole sum expended by them for his relief amounted to $66·33, on the 9th of April 1841.

The defendants contended that, if liable at all, they were liable only for $19·50, for the supplies furnished within three

months next before they received notice, and that a new notice should have been given, in order to charge them with the supplies furnished subsequently to the first notice. But the court ruled otherwise, and instructed the jury accordingly, who found a verdict for the plaintiffs for the whole sum claimed by them. The defendants thereupon alleged exceptions to the said ruling and instruction.

*Ward*, for the defendants, cited Rev. Sts. *c.* 46, § 13 ; *Inhabitants of Sidney* v. *Inhabitants of Augusta*, 12 Mass. 316 ; *Inhabitants of Hallowell* v. *Inhabitants of Harwich*, 14 Mass. 186 ; and *Inhabitants of Walpole* v. *Inhabitants of Hopkinton*, 4 Pick. 358.

*N. J. Lord*, for the plaintiffs. This precise question has never been directly decided ; but in *Inhabitants of Westfield* v. *Inhabitants of Southwick*, 17 Pick. 68, it was taken for granted that expenses were recoverable which were incurred after notice, and before any suit brought or any provision made by the defendants.

DEWEY, J. The cases cited by the defendants' counsel do not sustain the position assumed by him, that the recovery for expenses incurred in support of a pauper is to be limited to expenses incurred prior to the notice. The case of *Sidney* v. *Augusta*, 12 Mass. 316, only applies to a case where, upon notice being given, the town that was liable for the support of the pauper had made provision for him, and assumed the liability. In such case, upon a subsequent necessity occurring for relief to the pauper, a further notice was held requisite. In *Hallowell* v. *Harwich*, 14 Mass. 186, and *Walpole* v. *Hopkinton*, 4 Pick. 358, the question was that of the necessity of a new notice, in order to recover expenses accrued after suit brought ; and it was held, that for any new cause of action, there must be a new notice, and that the claim for expenses incurred after action brought was a new cause of action.

The claim of the plaintiffs, therefore, for which they are entitled to judgment, is not to be limited to the expenditures made before the date of the notice, but will embrace the whole sum demanded.                    *Exceptions overruled*