## CITY OF BOSTON *vs.* INHABITANTS OF WARWICK.

Suffolk. Jan. 13. — April 4, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

A person, who, under the St. of 1870, c. 392, § 3, acquired a settlement in a town in this Commonwealth, by serving in the quota of such town during the civil war for more than one year, may, under the Gen. Sts. c. 69, § 1, *cl.* 12, gain a new settlement in another town, by residing there for ten years and by paying for six years during that time taxes assessed upon his poll or estate.

CONTRACT for aid furnished to Dennis Lowney, a pauper. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon an agreed statement of facts, in substance as follows:

In December 1864, Dennis Lowney, having no settlement in this Commonwealth, was duly enlisted and mustered into the naval service of the United States as a part of the quota of the town of Warwick, under a call of the President of the United States during the recent civil war, and continued in such service until August 1866. He resided in Boston from June 1868 to January 1879, and for six years within that time paid all taxes duly assessed upon his poll or estate. In January 1879, he received, as a pauper, certain aid from Boston, the cost of which is sued for in this action.

If, upon the foregoing facts, Lowney had a settlement in Warwick in January 1879, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*E. B. Hagar*, for the plaintiff.

*S. O. Lamb*, for the defendant.

MORTON, C. J. The St. of 1870, *c.* 392, § 3, provided that any person who shall have enlisted in the naval or military service of the United States as a part of the quota of any city or town in this Commonwealth during the recent civil war, and who shall have continued in such service for a term not less than one year, "shall be deemed thereby to have acquired a settlement in such city or town."

Under this statute, Dennis Lowney, the pauper for whose support this suit is brought, undoubtedly acquired a settlement in Warwick. The plaintiff contends that this settlement was acquired in 1870; and that it cannot be lost or defeated, unless

the pauper has since 1870 acquired a new settlement in some of the modes pointed out by the statutes. This argument is based upon an erroneous construction of the statute. The pauper to whom it applies is to be " deemed to have acquired a settlement " by his service for a term not less than one year as a part of the quota of the town. The settlement conferred upon him is not a settlement acquired at the time of the passage of the statute, but, by virtue of the retroactive force of the statute, is to be treated in all respects as a settlement acquired by him at the expiration of his service for a term not less than a year. *Worcester* v. *Springfield*, 127 Mass. 540.

The pauper in this case, therefore, is to be regarded as having acquired a settlement in Warwick, either in December 1865, or in August 1866, to the same effect, for most if not all purposes, as if he had then gained a settlement by laws then in force. There is nothing in the statutes to prevent his changing this settlement and acquiring a new one in any of the modes provided by law. The St. of 1870 was not intended to repeal or change the existing laws allowing a person to gain a new settlement by residing in any town and paying taxes for the requisite time. It was intended for the benefit of the soldier, and not to disable him from gaining a settlement after he left the service in any of the modes provided by statute, as any other person might. It is more in harmony with the whole system of our pauper laws to hold that the pauper, by residing in Boston from June 1868 to January 1879, and by paying for six years during that time taxes assessed upon his poll or estate, thereby acquired a new settlement in Boston. Gen. Sts. *c.* 69, § 1, *cl.* 12. It follows that this action cannot be maintained.

*Judgment for the defendant.*