## INHABITANTS OF GRANVILLE vs. INHABITANTS OF SOUTHAMPTON.

Hampden. Sept. 23, 1884. — Jan. 5, 1885. C. ALLEN & COLBURN, JJ., absent.

While the St. of 1878, c. 282, providing for "additional pay to poor and indigent soldiers," was in force, it did not prevent the wife and minor children of such a soldier from receiving relief as paupers, even if it had such effect as to him.

A notice, given by one town to another, stated that "A. B. and family (wife and two children), whose legal settlement is in your town, but now residing in this town, being in needy circumstances," had applied for relief, which was furnished. A. B. had four children, but only two were living with him. Where the other two were did not appear. *Held*, that the notice sufficiently indicated the two children who were living with their parents.

A military settlement, gained by a person in a town in this Commonwealth, under the St. of 1878, c. 190, § 1, cl. 10, may be replaced by a new military settlement gained by him in another town, under the same statute, although both settlements were acquired before the passage of the statute.

After the passage of the St. of 1863, c. 254, § 8, which provides that a resident of one town enlisting in any other shall be counted in the quota of the town in which he is a resident until the quota of that town is filled, A., who resided in the town of G., enlisted as part of the quota of the town of S. *Held*, in an action by the town of G. against the town of S. for aid furnished A. as a pauper, after the passage of the St. of 1878, c. 190, § 1, cl. 10, that the defendant was not entitled to a ruling that A. was counted on the quota of G.

HOLMES, J. This is an action to recover for aid furnished to one Pomeroy, his wife, and two minor children, whom the plaintiff alleges to have been paupers having a settlement in the defendant town. The case was tried without a jury, and the court found for the plaintiff, subject to the defendant's exception to the refusal to make certain rulings as requested.

1. The court refused to rule that, for any relief furnished by the plaintiff to Pomeroy and family prior to January 22, 1879, it is not entitled to recover, but did so rule as to Pomeroy personally. The defendant's argument goes on the ground that Pomeroy, being entitled to his support under the St. of 1878, c. 282, was not a pauper until that act was repealed, at the date mentioned, by the St. of 1879, c. 1. We cannot agree to this position, and still less to the conclusion drawn from it. The St. of 1878 provides relief for soldiers "who are poor and indigent and stand in need of relief," using substantially the same language that is used by the settlement laws to describe paupers.

Gen. Sts. *c.* 69, § 1. Pub. Sts. *c.* 83, § 1. It provides for no others. It gives them the same reasonable relief or support that is given to paupers. Gen. Sts. *c.* 70, §§ 1, 2. Pub. Sts. *c.* 84, §§ 1, 2. In a word, it provides for paupers as such, although, in consideration of their having served in the army, it makes the provision more favorable, and, to spare their feelings, calls it further compensation for their service.

But even if, *honoris causa*, they were relieved of the title of paupers, we do not see why their right to have their personal necessities provided for should disentitle their families to relief. To maintain the ruling asked for, it would be necessary to argue that the relief provided by the St. of 1878, *c.* 282, was a compulsory substitute for that given by the poor laws, apart from any election on the soldier's part, not only as to the soldier himself, as to whom it seems to have been so ruled, but as to his family; in other words, that an act which, in terms at least, only provided what was necessary for the soldier in person was intended to make nugatory during his life the act creating military settlements, which was passed in the same year, and which is still in force. St. 1878, *c.* 190, § 1, *cl.* 10. Pub. Sts. *c.* 83, § 1, *cl.* 11.

2. The notices sent to the defendant both stated that "Amos B. Pomeroy and family (wife and two children), whose legal settlement is in your town, but now residing in this town, being in needy circumstances," had applied for relief, &c. Pomeroy had four children, but only two were living with him. Where the other two were does not appear. The defendant asked a ruling that the notices were bad, at least as to the children. It has been said, in a case where it was held that the defect was waived, that " D. R. and his family " was not sufficient. *Shutesbury* v. *Oxford*, 16 Mass. 102. And it has been held that " E. S. and her three children " was bad, when there were four in fact. *Walpole* v. *Hopkinton*, 4 Pick. 358. On the other hand, it has been held that a notice like the last was good, where it was not shown or suggested that there were more than three. *Lynn* v. *Newburyport*, 5 Allen, 545. Perhaps it would be enough to say that, in this case, it is not shown or suggested that there were more than two children " residing in this town." But we prefer to put our decision on the firmer ground, that, taking the words " Pomeroy and family " before the words " now residing,"

&c., after the words " wife and two children," and the joinder of wife and children in the latter phrase, and applying the notice as a whole to the facts, it sufficiently indicates that it refers to the two children who were living with their parents.

3. Pomeroy did what was necessary, in 1861, to gain a settlement, by military service, in the plaintiff town, and, in 1863, he reënlisted and did what was necessary to gain a like settlement in the defendant town, under the St. of 1878, *c.* 190, § 1, *cl.* 10. The defendant contended that, as the act creating such settlements was not passed until long after the war was over and both services had been rendered, the act created both settlements at the same moment, and neither prevails over the other, or at least the latter does not prevail over the former, in an action between the two towns. A ruling was asked to that effect. But the act is to be construed as far as possible as if it had been in force at the time the respective services were rendered; or, in other words, " the settlement conferred upon him is not a settlement acquired at the time of the passage of the statute, but, by virtue of the retroactive force of the statute, is to be treated in all respects as a settlement acquired by him at the expiration of his service for a term not less than a year." *Boston* v. *Warwick*, 132 Mass. 519, 520. Hence it could be replaced by a new military settlement under the same act, as well as by a new settlement under the ordinary law gained after the service but before the act went into effect, as was the case in *Boston* v. *Warwick*.

4. The last ruling requested was " that Pomeroy, being a resident of Granville at the time of his second enlistment, and, the quota of Granville not then being filled, was by virtue of the St. of 1863, *c.* 254, § 8,* counted on the quota of Granville." We think this can hardly be considered open under the agreement that " no question is to be made as to the second enlistment," and it was not much pressed. The defendant was not entitled to it in that form, because it is agreed that Pomeroy reënlisted on the quota of the defendant town. If the ruling asked had

---

* This section is as follows: " Residents of any town or ward of any city in this Commonwealth, enlisting in any other town or ward, shall nevertheless be counted in the quota of the town or ward of which the person enlisting is a resident, until the quota of that town or ward is filled."

been, that, on the admission that the quota of Granville was not full, it followed, by force of the St. of 1863, that Pomeroy was not " duly enlisted and mustered into the service as a part of the quota of " the defendant town, we should have had to consider whether the word " duly " referred to anything more than the enlistment and muster, and whether the defendant, after having been credited with the soldier, could now repudiate the duty to support him, as well as the plaintiff's contention that the facts show that Pomeroy's first as well as his second enlistment was on the quota of the defendant town.

*Judgment on the finding.*

*D. Hill,* for the defendant.

*H. Fuller,* for the plaintiff.