## INHABITANTS OF READING *vs.* CITY OF MALDEN.

Middlesex.    March 8. — May 8, 1886.    W. ALLEN & HOLMES, JJ., absent.

Under the Pub. Sts. c. 84, § 14, providing that the expenses incurred in the relief of a pauper, within three months next before notice given to the place to be charged, may be recovered of such place by the place incurring the same, in an action "to be instituted within two years after the cause of action arises, but not otherwise," no such action can be maintained, unless brought within two years from the time of giving the notice required by the statute.

CONTRACT for expenses incurred in the relief of Sarah L. Penney, whose settlement was alleged to be in the defendant city. Writ dated September 15, 1883. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The defendant admitted that Sarah L. Penney had a lawful settlement in Malden ; but contended that the action was not seasonably commenced. It was agreed that, on March 2, 1881, and on March 31, 1881, the plaintiff gave notice to the defendant that it was aiding said Penney, and should continue so to do until she should be removed, or the necessity should cease ; and that either notice would be sufficient to enable the plaintiff to recover for supplies furnished to said Penney at any time during three months prior to the giving of said notices, if suit had been commenced within two years after the dates at which the notices were given.

The plaintiff offered to prove that aid had been furnished to said Penney continuously for a period of more than a year, commencing on or about March 1, 1881, being within three months prior to giving said last notice, and terminating about April 1,

1882, being within two years prior to the commencement of this action; that there was no period within that time when such aid was not actually required; that no other suit had ever been brought for any portion of the amount claimed in this action, or for anything furnished during the time in which said aid was furnished; and that there had been no settlement between the parties which covered any portion of said time.

The judge ruled that the plaintiff could recover no part of its claim, because suit had not been brought within two years from the time of giving the notice required by statute; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*S. Bancroft*, for the plaintiff.

*J. H. Fiske*, for the defendant.

MORTON, C. J. The statute provides that, when one town furnishes relief to paupers whose settlement is in another town, the expenses thereof " incurred within three months next before notice given to the place to be charged, as also of their removal, or burial in case of their decease, may be recovered by the place incurring the same against the place liable therefor, in an action at law, to be instituted within two years after the cause of action arises, but not otherwise." Pub. Sts. *c.* 84, § 14. These provisions of law have been in force since the St. of 1793, *c.* 59, was enacted; and it has uniformly been held that the cause of action arises at the time the notice is given. As is said in the opinion in *Attleborough* v. *Mansfield*, 15 Pick. 19, " This notice is an indispensable prerequisite to the support of any action for expenses incurred in the relief of paupers by a town in which they are not settled. And the right to recover is expressly limited to a period commencing three months before and continuing two years after notice given." *Townsend* v. *Billerica*, 10 Mass. 411. *Hallowell* v. *Harwich*, 14 Mass. 186. *Uxbridge* v. *Seekonk*, 10 Pick. 150.

These decisions have not been overruled or modified by any subsequent cases, and are decisive of the only question raised in the case at bar. *Exceptions overruled.*