CITY OF CAMBRIDGE *vs.* INHABITANTS OF PAXTON.

Middlesex. March 7. — May 12, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

If a person who, after having served in the navy of the United States as part of the quota of a town in this Commonwealth, and having been honorably discharged, in 1864, enlists again as part of the quota of another town, and during the term of his second enlistment is convicted of wilful desertion in 1864, § 3 of the St. of 1865, c. 230, enacting that the provisions of the statute in relation to the acquirement of a settlement by those who had served in the army and navy of the United States shall not apply " to any person who shall have been guilty of wilful desertion," prevents him from gaining the settlement which, but for his desertion, he might have acquired by virtue of his first enlistment.

CONTRACT for money expended by the plaintiff in the relief of William Hastings, a minor child of Bernard Hastings, whose settlement was alleged to be in the defendant town. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*C. J. McIntire*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

DEVENS, J. Bernard Hastings was duly enlisted and mustered into the naval service of the United States as a part of the quota of the town of Paxton during the late civil war, duly served for a period of more than one year, and left the service by an honorable discharge. Unless he is, from some cause, one of the persons not included within the operation of the St. of 1865, c. 230, (Pub. Sts. c. 83, § 1, cl. 11,) or unless he has since acquired a legal settlement elsewhere within the State, by which an earlier settlement would be defeated, his settlement is within the defendant town, and the plaintiff would be entitled to recover for the sums lawfully expended for the relief of his child.

The evidence admitted showed that Hastings, subsequently to his honorable discharge from his first enlistment, in February, 1864, again enlisted as a part of the quota of the city of Boston on March 7, 1864, in the 59th Massachusetts Volunteers, for three years, deserted on August 12, 1864, was tried and convicted of wilful desertion by court-martial, and was undergoing sentence

at the time the regiment was mustered out of service at the close of active hostilities, July 30, 1865. What was the form of discharge he received does not appear. Some form of discharge was necessary to release him from the service. Articles of War, Article 11. *Sheffield* v. *Otis*, 107 Mass. 282. It cannot be presumed that he was discharged otherwise than as a convicted deserter, receiving sentence, as he was not entitled to an honorable discharge.

To this evidence the plaintiff objects, on the ground that it is incompetent. It contends that, through the retroactive force of the statute, Hastings acquired a settlement in the defendant town in February, 1864, as of that date, by his honorable discharge from the naval force; and that any subsequent enlistment, desertion, and conviction therefor cannot defeat a settlement already acquired by any legal method; and further, that this evidence does not tend to prove the acquirement of a new settlement within the Commonwealth, but is intended only to destroy a settlement already acquired. That Hastings did not acquire any legal settlement by his enlistment as a part of the quota of the city of Boston is quite clear, and the evidence in relation thereto would be inadmissible, if we could adopt the plaintiff's contention that Hastings had acquired a settlement in February, 1864, notwithstanding his subsequent enlistment and desertion. The St. of 1865 was passed, as has been frequently pointed out, after the war had substantially closed by the surrender of the last of the large Confederate armies on April 26, 1865, although it was more than a year later before the President of the United States, by proclamation, formally announced that the insurrection against the national authority was at an end. *Lunenburg* v. *Shirley*, 132 Mass. 498. This act, we have heretofore held, is to be construed as far as possible as if it were in force at the time when the service by which a military settlement could be acquired was rendered; but this construction has been adopted only when it has appeared that the soldier whose settlement was under consideration was one to whom the statute applied. *Granville* v. *Southampton*, 138 Mass. 256. When it is said, in *Boston* v. *Warwick*, 132 Mass. 519, 520, that the settlement conferred upon the soldier " is not a settlement acquired at the time of

the passage of the statute, but, by virtue of the retroactive force of the statute, is to be treated in all respects as a settlement acquired by him at the expiration of his service for a term not less than a year," the court is dealing with the effect of the military settlements of those men to whom the provisions of the statute apply. It is a different question whether a soldier, who is a convicted deserter, is within the provisions of the statute, and can have acquired a military settlement thereby, or whether he is one of the class excepted from its benefits, although he had, before the enlistment during the period of which his desertion occurred, faithfully served a previous enlistment for the required time, which service, but for his misconduct under the later enlistment, would have entitled him to a settlement in the town in the quota of which he originally served.

Section 3 of the St. of 1865, *c.* 230, was certainly intended to exclude certain persons from the benefits which had been provided by the earlier sections for soldiers who had served the required time during the civil war. While, in distributing the public burden of supporting the poor, it was undoubtedly thought proper by the Legislature to impose upon the towns in whose quota certain soldiers had served the expense of supporting them, as the towns to this extent had thus been relieved of an onerous duty, the right to a settlement is a valuable privilege, which the act intended to confer on a faithful soldier. *Lunenburg* v. *Shirley*, 132 Mass. 500. The words of the section are: " The provisions of this act shall not apply to any person who shall have enlisted and received a bounty for such enlistment in more than one town, unless the second enlistment was made after an honorable discharge from the first term of service, nor to any person who shall have been guilty of wilful desertion, or who shall have left the service otherwise than by reason of disability or an honorable discharge."

Bernard Hastings is therefore a person to whom, by the terms of this section, the act does not apply. He has been convicted of wilful desertion by a competent court. The language excluding such a person is not limited to the offence of desertion committed by him during the term of service upon which it is sought to base a settlement, but is general. The argument

that, having once faithfully served, he acquired a settlement which could not be taken away by his misconduct under a second enlistment, assumes that the statute is retroactive as to those persons to whom its provisions do not apply. The Legislature was not ignorant that many men had served under more than one enlistment, and that some had been guilty of misconduct. It did not intend to confer the benefit upon any but those who had throughout served meritoriously, and it therefore defined certain classes who should not receive it. The first clause of the section quoted expressly excludes a soldier from the settlement which he might otherwise acquire from a second enlistment, unless that enlistment were made after an honorable discharge from the first. When the statute enacts that its provisions shall not apply to a soldier guilty of wilful desertion, we must hold conversely, that, when a soldier during his second enlistment is guilty of wilful desertion, the act does not enable him to gain the settlement which, but for this, he might have acquired by virtue of his first enlistment. His misconduct does not defeat any settlement he had acquired, or deprive him of anything he had gained. It simply places him within a class for whom the act is not intended.

Bernard Hastings not having gained a settlement in Paxton, the entry must be,                                         *Judgment affirmed.*