INHABITANTS OF CARVER *vs.* CITY OF TAUNTON.

Plymouth.    October 22, 1890. — November 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Pauper — Notice — Removal by Town.*

A notice given by a town to a city stated that a mother "and three children, whose legal settlement is in your city, but now residing in this town, being in needy circumstances," had applied for relief, which was furnished. The mother had five minor children, of which she had the care and charge, all living with her in such town. *Held,* that the notice was insufficient to require their removal.

CONTRACT to recover for aid furnished to Adeline Shurtleff and her five minor children, alleged to be paupers having a settlement in the defendant city. At the trial in the Superior Court, before *Barker*, J., it was admitted that Mrs. Shurtleff and her five minor children had a settlement in the defendant city ; and it appeared that two notices, dated respectively May 11, 1888, and July 1, 1889, were sent by the overseers of the poor of the plaintiff town to the overseers of the poor of the defendant city, as follows : " Adeline Shurtleff and three children, whose legal settlement is in your city, but now residing in this town, being in needy circumstances, have applied to this board for relief, which we have granted and charged to your city, and shall continue so to do until you remove or otherwise provide for their support."

The judge ordered a verdict for the plaintiff, and reported the case for the determination of this court. If, upon the above facts, the plaintiff was entitled to recover, judgment was to be entered on the verdict; otherwise, such judgment was to be entered as law and justice might require.

*C. A. Reed*, for the defendant.

*E. Robinson*, for the plaintiff.

KNOWLTON, J. In this case it is an admitted fact, that, at the times when the notices were sent, Adeline Shurtleff had the care and charge of her five minor children, who were all living in Carver. Each of the notices described the paupers, whom the overseers of the poor of the defendant city were asked to remove, as " Adeline Shurtleff and three children," without containing anything to indicate which three of the five were intended. This description was not sufficient to inform the defendant who the persons were whom it ought to remove, and to enable it to avoid mistake and a liability to a suit for the commission of a wrong. *Walpole* v. *Hopkinton*, 4 Pick. 358. *Northfield* v. *Taunton*, 4 Met. 433.

In *Granville* v. *Southampton*, 138 Mass. 256, the description of the paupers was, " Amos B. Pomeroy and family (wife and two children), . . . now residing in this town." Pomeroy had four children, but only two were residing in his family, and it did not appear that the other two were residing in the town; and the notice was held sufficient. But the fact in the present case that all five of the children were living in Carver, and were in the charge of their mother, materially distinguishes it from the last, and also from *Lynn* v. *Newburyport*, 5 Allen, 545, in which it did not appear that there were any more children than the number stated in the notice.

According to the terms of the report, there must be

*Judgment for the defendant.*