INHABITANTS OF WEYMOUTH *vs.* CITY OF BOSTON.

Norfolk.    December 10, 1926. — June 30, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Municipal Corporations,* Support of needy persons having settlement.

A town furnished support to a needy person having a settlement in a city from November 8, 1920, to April 11, 1923.   On November 10, 1920, the town gave to the city the notice required by G. L. c. 117, § 14.   The city paid for the support rendered for a period ending June 20, 1921, but no more.   The town gave a second notice under the statute on October 27, 1922, but brought no action against the city until November 20, 1923, when it claimed for support furnished by it from June 20, 1921, to April 11, 1923.   A judge who heard the action refused to find for the town for the period from June 20, 1921, to July 26, 1922. *Held,* that by reason of the limitation in the statute the ruling by the judge was right.

CONTRACT.   Writ dated November 20, 1923.

In the Superior Court, the action was heard by *Qua,* J., without a jury.   Material facts found and rulings made are stated in the opinion.   The judge found for the plaintiff in the sum of $541.05, and reported the action to this court for determination.

*F. G. Bauer,* for the plaintiff.

No argument nor brief for the defendant.

RUGG, C.J.   This is an action to recover for support furnished by the plaintiff to the family of one who had a settlement in Boston.   He and his family removed to Weymouth and there fell into distress and were in need of relief.   Such relief was furnished by the plaintiff town from

November 8, 1920, continuously to April 11, 1923. On November 10, 1920, the plaintiff gave notice to the defendant in accordance with the statute. On October 27, 1922, a second notice was given. The writ is dated November 20, 1923. Bills rendered by the plaintiff to the defendant for support so furnished have been paid by the defendant for a period ending June 20, 1921, but none since that date. The judge ruled that the action could not be maintained on the notice of November 10, 1920, because not brought until more than two years thereafter, and found in favor of the plaintiff for support furnished after July 27, 1922, being three months before the notice of October 27, 1922, to the end of the period claimed in the plaintiff's declaration. The plaintiff contends that it is entitled to recover for relief furnished within two years before the date of its writ.

The right of recovery depends upon the correct interpretation of G. L. c. 117, § 14. It there is provided that, when one city or town furnishes relief to a person having a settlement in another city or town, the expense of such relief "may be recovered in contract against the town liable therefor, if commenced within two years after the cause of action arises; but nothing shall be recovered for relief furnished more than three months prior to notice thereof given to the defendant." This statute in the same words so far as here material has been in force since St. 1793, c. 59, § 9. It has been before the court for interpretation and application in numerous decisions. It was held in *Attleborough* v. *Mansfield*, 15 Pick. 19, that "the cause of action" arises within the meaning of those statutory words when the required notice is given; and that aid furnished within two years thereafter may be recovered. The expenses of relief which can be recovered in a single action thus were restricted to those furnished within a period of time beginning three months before the notice is given and two years after the notice; and the action must be commenced within two years after the notice is given. This was made the ground of the opinion. The same reason of decision in substance is given in *Townsend* v. *Billerica,* 10 Mass. 411, *Harwich* v. *Hallowell,* 14 Mass. 184, *Hallowell* v. *Harwich,* 14 Mass. 186, *Walpole*

v. *Hopkinton,* 4 Pick. 358, *Uxbridge* v. *Seekonk,* 10 Pick. 150, *Cummington* v. *Wareham,* 9 Cush. 585, and *Reading* v. *Malden,* 141 Mass. 580.   The question of the correct interpretation of the statute was discussed at length in *Northampton* v. *Plainfield,* 164 Mass. 506, with a review of all the cases, including in addition to those already cited, *Amherst* v. *Shelburne,* 11 Gray, 107, and *Worcester* v. *Northborough,* 140 Mass. 397, which are now urged as laying down the rule that recovery may be had for all relief furnished within two years prior to the suing out of the writ and not more than three months prior to the notice.   The rule stated in *Attleborough* v. *Mansfield,* 15 Pick. 19, already stated, which had been expressly adopted in *Reading* v. *Malden,* 141 Mass. 580, was there reaffirmed upon great deliberation. It must be regarded as the true exposition of the meaning of the statute.   If there is anything inconsistent with it in *Amherst* v. *Shelburne, supra,* and *Worcester* v. *Northborough, supra,* those decisions must be taken to be limited to their particular facts and as not stating the general principle upon this point.   The rulings made and the denial of requests for rulings were right.   In accordance with the terms of the report,

*Judgment is to be entered on the finding.*