CITY OF WALTHAM *vs.* CITY OF NEWTON.

Middlesex.   November 8, 9, 1939. — May 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Settlement. Needy Person. Soldiers' Relief. Practice, Civil,* Waiver, Stipulation. *Waiver.*

The mere fact that a municipality furnished to a needy person, residing therein but settled in another municipality, relief under G. L. (Ter. Ed.) c. 117, § 14, instead of soldier's relief to which he would have been entitled under c. 115, § 17, if he had made application therefor and the municipality of his settlement had refused to furnish it, did not preclude the application of c. 116, § 2, to prevent his acquiring a new settlement in the municipality of his residence, where it did not appear that an application for soldier's relief had been made to such municipality and that its officers knew that upon such application he would have been entitled thereto.

The time limit specified in G. L. (Ter. Ed.) c. 117, § 14, for an action by a municipality to recover the expense of relief furnished a needy person settled in the defendant municipality is a limitation of the right of action, not merely of the remedy.

In an action by a municipality under G. L. (Ter. Ed.) c. 117, § 14, to recover the expense of relief furnished a needy person settled in the defendant municipality, the defendant could not waive the limitation of the right of action specified in the statute; a stipulation entitling the plaintiff to recover for items respecting which the record showed that action was brought too late was vacated by this court, and recovery for those items was denied.

CONTRACT. Writ in the Superior Court dated October 6, 1936. The action was heard by *O'Connell,* J.

*W. G. Guernsey,* for the defendant.

*G. P. Drury,* City Solicitor, for the plaintiff.

DOLAN, J. This action of contract comes before us on the report of the judge who heard the case on a statement of agreed facts and ordered that judgment be entered for the plaintiff in the sum of $2,178.12 with interest from the date of the writ, and without costs.

The only issues raised by the defendant are, first, whether one John A. Chisholm was entitled to soldiers' relief and, second, whether, if he was so entitled, the fact that the plain-

tiff "granted him aid from its welfare fund operated to prevent him from gaining a settlement in Waltham." For the purposes of the case, since the result will be the same, we assume, without deciding, that Chisholm would have been entitled to soldiers' relief had he made application to the plaintiff therefor.

Chisholm enlisted in the armed forces of the United States in July, 1917. He was then a resident of the defendant city of Newton. On April 26, 1919, he was honorably discharged and returned to Newton. On November 22, 1920, he had a legal settlement in that city. G. L. (Ter. Ed.) c. 116, § 1, Fifth. On November 22, 1920, he removed to the plaintiff city, where he has since remained.

In August, 1923, and at various other times set forth in the record, the plaintiff, through its department of public welfare, furnished relief to Chisholm and his wife and dependent children, who "were in need of . . . [that] kind of assistance." G. L. (Ter. Ed.) c. 117, § 14. (See now St. 1939, c. 39.) In each instance where relief was thus granted the plaintiff gave notice of its action to the defendant within three months thereafter as provided in § 14. No soldiers' relief was granted to Chisholm by the plaintiff. See G. L. (Ter. Ed.) c. 115, § 17.

The defendant has reimbursed the plaintiff for seven of sixteen items of relief granted to Chisholm or his family. In two instances the defendant reimbursed the plaintiff out of the former's soldiers' relief fund. In the five other instances the reimbursement was made by the defendant out of its welfare funds. On several dates in 1929 and on January 20, 1930, the defendant made payments of soldiers' relief to Chisholm or his wife. The defendant did not notify the plaintiff of these payments, and when relief was furnished by the plaintiff out of its welfare funds, it had no knowledge that the soldiers' relief department of the defendant had made payments to Chisholm or his wife. The payments for which the plaintiff seeks to be reimbursed were made in 1929, 1930, 1931, 1933, 1934, 1935 and 1936, and are made up of nine items. The writ is dated October 6, 1936. The parties, however, have stipulated in the report that, if the

plaintiff is entitled to recover as to any of the items, judgment is to be entered for the plaintiff as ordered by the judge; and that otherwise judgment is to be entered for the defendant.

G. L. (Ter. Ed.) c. 116, § 2, provides, in part, that a person cannot acquire a new settlement while receiving public relief unless he tenders reimbursement therefor within two years. That was not done in this case and the plaintiff contends that Chisholm's settlement in the defendant city never came to an end, because there was no five-year period during his residence in the plaintiff city in which he did not receive public relief. This provision, however, is not applicable if the aid or relief is received under G. L. (Ter. Ed.) c. 115, § 17, which relates to State or military aid and soldiers' relief. The defendant contends that Chisholm was entitled to soldiers' relief under G. L. c. 115, § 17, that the plaintiff had no right to furnish him and his family with relief out of its welfare funds under G. L. (Ter. Ed.) c. 117, § 14, and that, therefore, Chisholm did acquire a settlement in the plaintiff city. The defendant makes "no claim of fraud or bad faith on the part of the officials" of the plaintiff city. We are unable to adopt the contentions of the defendant.

G. L. (Ter. Ed.) c. 115, § 17, provides in part as follows: "If an applicant for military aid or soldiers' relief has a settlement outside of the town where the application is made, the official required to act thereon shall, within three days, notify the corresponding official in the town of the applicant's settlement, and also the commissioner. If the town of settlement of an applicant for soldiers' relief unreasonably delays in aiding the applicant after receipt of said notice, the town of the applicant's residence shall forthwith grant such aid as the commissioner may order, and the town so granting such aid shall be reimbursed in full therefor by the town of the applicant's settlement . . . ." While the provisions of this section are mandatory except in cases where the applicant's need is the result of his own criminal or wilful misconduct, yet in the present case Chisholm never made application to the plaintiff for soldiers' relief. There

is nothing in the record to show that the plaintiff knew that he was entitled to that form of relief rather than the relief furnished him and his family under the provisions of c. 117, whereby the obligation is imposed upon a municipality not only to relieve and support all poor and indigent persons settled therein (§ 1), but also to provide for the immediate comfort and relief of all persons residing or found therein, having lawful settlements in other municipalities, in distress and standing in need of immediate relief, until removed to the municipalities of their settlement (§ 14). This obligation is mandatory. *Scordis's Case*, 305 Mass. 94, 99.

We think that the present case is governed in principle by *Crossman* v. *New Bedford Institution for Savings*, 160 Mass. 503, where it is held (page 506) that the statutes making it obligatory upon towns and cities "to support discharged soldiers and their minor children by way of 'soldiers' relief,' so called, do not take from those whom they require to be so supported the right to claim assistance under the general laws for the support and maintenance of the poor," and that the fact that some other provision is made under which a citizen may be relieved is not of itself enough to take away his right to demand and receive assistance "as a pauper." In that case, as in the present case, the person relieved made no application for soldiers' relief. He did apply for assistance to the overseers of the poor and received support and assistance under the poor laws up to the time of his death, and the plaintiffs in that case were permitted to recover from his estate the amount expended in supporting him under the poor laws. In that case, as in the present case, neither the city nor any of its officers refused to comply with the law. It would seem to follow that in the present case the plaintiff, in the absence of any claim by Chisholm for soldiers' relief, was under no duty to grant him such relief, instead of the relief actually furnished him and his family under the general laws relating to the support of poor and indigent persons (see *Granville* v. *Southampton*, 138 Mass. 256), and that since there has been no five-year period during Chisholm's residence in the plaintiff city in which he did not

receive relief under G. L. (Ter. Ed.) c. 117, § 14, he has not acquired a settlement therein.

Although the parties stipulated that if as to "any . . . items" of relief granted the plaintiff is entitled to judgment, "said judgment shall be entered in the sum of $2,178.12, with interest from the date of the writ, but without costs," nevertheless we deem it necessary to consider whether this stipulation should be given effect, since under its terms, in view of what we have already said, recovery would be had by the plaintiff for relief furnished in the years 1929, 1930, 1931, for relief designated as having been granted "1933 July 1 to 1934 Nov. 2," and for that described as granted "1935 Aug. 27th to 1936 Sept. 8."

The writ in the present action is dated October 6, 1936. G. L. (Ter. Ed.) c. 117, § 14, provides that "The expense . . . [of such relief] may be recovered in contract against the town liable therefor, if commenced within two years [see now St. 1939, c. 39] after the cause of action arises; but nothing shall be recovered for relief furnished more than three months prior to notice thereof given to the defendant." As before stated, such notice was given by the plaintiff to the defendant as to each item for which recovery is sought. But it is established that "The expenses of relief which can be recovered in a single action . . . [are] restricted to those furnished within a period of time beginning three months before the notice is given and two years after the notice; and [that] the action must be commenced within two years after the notice is given." *Weymouth* v. *Boston*, 260 Mass. 388, 389, and cases cited.

The provision for recovery under § 14, if the action is commenced within two years, is a condition precedent to the right to recover rather than a statute of limitations. *Uxbridge* v. *Seekonk*, 10 Pick. 150, 152. *Cummington* v. *Wareham*, 9 Cush. 585, 590. In *Hallowell* v. *Harwich*, 14 Mass. 186, 188, the court said: "All the expenses, therefore, which are sued for in this action, and which accrued more than two years before the commencement of the suit, are barred by the proviso of the statute; which, it has been determined, will be taken notice of by the Court,

without its being pleaded by the defendant; because, by the statute, the plaintiffs' right of action is conditional, *viz.*, that it be brought within two years after the accruing of the expense."[1]    See *Central Vermont Railway* v. *White*, 238 U. S. 507, 511.    We are of opinion that the defendant cannot properly waive the provisions of § 14 and agree to an entry of judgment as to items of relief, action to recover which was not brought within the prescribed time.    See *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509, 512; *Brown* v. *Winthrop*, 275 Mass. 43, 47.    Obviously the present action was not brought within the time prescribed as to the expenses of relief furnished in the years 1929, 1930 and 1931, totalling $1,510.55, which is included in the sum of $2,178.12 set forth in the stipulation.    Accordingly, we vacate the stipulation.    See *Shearer* v. *Jewett*, 14 Pick. 232, 236; *Delano* v. *Smith*, 206 Mass. 365, 372; *Lincoln Electric Co.* v. *Sovrensky*, 305 Mass. 476, 479, and cases cited.

The plaintiff is entitled to recover the expenses of relief furnished to Chisholm, described in the record as granted "1934 Nov. 9th to Nov. 13th . . . $34.50" and as "1935 Aug. 27th to 1936 Sept. 8 . . . $76.06."    The remaining item is one designated as follows: "1933 July 1 to 1934 Nov. 2 . . . $557.01."    No other details as to actual dates of payment of expenses included in this last sum are disclosed by the record, and it seems clear that any expenses so incurred by the plaintiff in 1933 are not recoverable. For what portion of this sum which was expended during 1934 recovery may be had we are unable to determine. The order of the judge that judgment be entered for the plaintiff in the sum of $2,178.12, with interest from the date of the writ, but without costs, is reversed, and the case is remanded to the Superior Court for proceedings in accordance with the opinion.

*So ordered.*

---

[1] The time limited, however, is that stated in *Weymouth* v. *Boston*, 260 Mass. 388, 389.