Parker, C. J.,
delivered the opinion of the Court.
The question raised in this case is, whether, to entitle the inhabitants of a town, who have supported a pauper belonging to another town, to recover an indemnification, it is necessary that the pauper should have been actually resident in the town providing the relief at the time when notice is given to the town of his settlement, and should literally have fallen into distress within that town.
The report of the judge states that, during all the time comprehending the charges for which this action was brought, the pauper was resident in the town of Spencer, but. supported there at the expense of the town of Marlborough. And the defendants contend that, according to the terms of the statute upon which this action is brought, they are not liable ; because the paupers were not residen! *437 in Marlborough, and not found in distress there, when they received notice from the overseers of that town, and a request that they would provide for their support.
And the principal reason given for such a close construction of the statute is, that one object of the notice is to give the town to which the pauper belongs an opportunity to remove him, if they see fit, and to provide for him themselves, instead of being subject to refund to another town such expenses as should be incurred for such purpose.
We think a more liberal construction of the statute is consistent with the true intent of the legislature, and more conducive to the general object intended to be secured. This object was to secure immediate relief to poor persons, so that they might not suffer, while two towns should be disputing to which of them the liability of supporting them attaches ; and so humane a provision of the law ought not to be fettered or thwarted by too narrow a construction.
It is found, in this case, that, in the autumn of 1810, the paupers were actually in the town of Marlborough, and supported there by the town, they believing themselves liable, although it appears they were mistaken. The paupers * may there- [ * 48 V ] fore be considered as having fallen into distress in Marlborough at that time. Afterwards an agreement was made between the overseers and Asa Rice, in pursuance of which the paupers were removed to Spencer, where they were supported in the house of Rice, who had married the daughter of the husband, at the expense of the plaintiffs. And this contract continued in force during all the time for which they now charge the defendants. If an actual residence is required by the statute, such residence is sufficiently proved in the case; the statute nowhere requiring that it shall con tinue, in order to entitle the supplying town to an action.
It might be inconvenient, both to the town and the paupers, to require that they should be supported within the town where they happen to fall into distress; for cases may often happen, like the present, where some relative of the paupers may incline to take charge of them, at the expense of the town which is liable, at a cheaper rate on account of the kindred, in which case it would be hard, and inconsistent with the humane principles of our pauper laws, that such an alleviation of the distress of poverty should be withheld ; or that such an indulgence should deprive the town of its indemnification.
Nor is there any such inconvenience to the town ultimately liable as has been suggested. For if they are disposed to remove the pauper within the limits of their own town, the overseers who furnish the immediate support must undoubtedly be at the expense of *438 conveying the paupers from the place where they are supported by contract to their own town; and any neglect to do this, after knowledge that the person of the pauper is wanted for the purpose of removal, might affect the right of the supplying town to recover.
On the motion in arrest of judgment, having examined the several counts in the declaration, we are satisfied that no one of them is substantially bad. They all allege sufficient [*488] * facts to entitle the plaintiffs to retain the verdict. If any of them are objectionable, it is for causes which could prevail only on special demurrer.

Judgment on the verdict