CITY OF NEW BEDFORD *vs.* INHABITANTS OF HINGHAM.

Bristol. Oct. 28, 1874, Jan. 11. — April 1, 1875.

In an action to enforce a statute liability, the burden is on the plaintiff to prove all the facts which, by the statutory provisions, are necessary to create the liability.

A town furnished supplies to a person, and, in pursuance of the Gen. Sts. *c.* 70, § 17, notified the overseers of the town of his settlement, requesting them to remove him. The overseers of the latter town neglected to reply to the letter within two months. *Held,* in an action by the first town against the second for the expenses of the support, that the defendant was not estopped by the Gen. Sts. *c.* 70, § 18, to deny that the person to whom the supplies were furnished was in need of immediate relief.

CONTRACT for supplies furnished Christina M. Russell, from March 2, 1871, to May 12, 1873. Trial in the Superior Court, without a jury, before *Bacon,* J., who allowed a bill of exceptions in substance as follows .

It was admitted, for the purposes of this trial, that the legal settlement of Russell, at the time the supplies were furnished, was in the town of Hingham; that proper notice was given by the overseers of the city of New Bedford to the overseers of Hingham as required by statute, and that no reply was made by the defendant town within two months from the date of said notice.

Upon this state of facts, the plaintiff contended that the only question to be determined was whether or not the supplies were furnished as alleged, and asked the judge to rule that the overseers of the town of Hingham having neglected to reply to said notice, and having made no objection within two months to the request of the plaintiff, by such neglect bound their town to pay for the supplies furnished as alleged in the declaration, if it should be proved that they were so furnished, and that it was not competent for the defendant to prove the ability of the alleged pauper to maintain herself, but that the defendant town had its remedy against Russell.

The judge declined so to rule; and, against the plaintiff's objection, allowed evidence to be given as to the ability of Russell to maintain herself, and whether or not at the time said supplies were furnished she stood in need of relief, and as to the extent of her property and means during the period of relief, and that she held unincumbered real estate in New Bedford to the value of fifteen hundred dollars, besides having other available means. Both parties offered evidence bearing on these points.

The judge found, as a matter of fact, that the said Russell was not in need of the relief furnished, and ordered judgment for the defendant; and the plaintiff alleged exceptions.

The case was argued in October, 1874, and submitted on briefs to the whole court in January, 1875.

*W. H. Cobb*, for the plaintiff.

*T. M. Stetson*, for the defendant.

MORTON, J. It appeared at the trial that the plaintiff furnished supplies to Christina Russell as alleged in its declaration; that its overseers had given the notice required by the Gen. Sts. c. 70, § 17, and that no answer was made thereto by the overseers of the poor of the defendant town within two months after its receipt. The plaintiff contended that the defendant was estopped

to deny that the said Russell was a pauper; but the court declined so to rule, and admitted evidence showing that at the time the supplies were furnished, she did not stand in need of relief.  A majority of the court is of opinion that this ruling was correct.

The liability of towns to support or assist the poor is created entirely by statute.  In every action to enforce a statute liability, the burden is on the plaintiff to prove all the facts which, by the statutory provisions, are necessary to create the liability.  Consequently, if one town sues another for supplies furnished to an alleged pauper, considering the case independently of any estoppels, the plaintiff town is obliged to prove that its overseers had furnished the supplies charged to a person found therein; that such person stood in need of immediate relief, and that his lawful settlement was in the defendant town.  All these facts must exist before the statute imposes any liability upon the defendant to pay for such supplies; and it is elementary law that the plaintiff must prove all facts necessary to make his case.

Such being the general rule, our statutes have provided that when supplies are furnished to a person in need of relief, the overseers so furnishing them may send a written notification, stating the facts, to the overseers of the place where his settlement is supposed to be, and if such last mentioned overseers do not, within two months, send a written answer to such notification, the overseers having charge of the person may remove him to the place of his supposed settlement, " and such place shall be liable for the expenses of his support and removal, to be recovered in an action by the place incurring the same, and shall be barred from contesting the question of settlement with the plaintiff in such action."  Gen. Sts. *c.* 70, §§ 17, 18.  These provisions have existed as a part of our statute law, without any material change, since 1794.  St. 1793, *c.* 59, § 12.  Rev. Sts. *c.* 46, §§ 19, 20.

In every action brought by a town to recover for supplies furnished to a person in need of relief, if its overseers have duly given notice and no reply has been received within the two months, the effect of the last clause above cited is to estop the defendant town from denying the settlement of the person relieved.  But the estoppel does not, in terms or by necessary implication, extend to any other issue involved in the action.  On

the contrary, the expression of one issue which the defendant is barred from contesting, raises the implication that it is not intended to estop him upon any other issue, upon the maxim, *Expressio unius exclusio alterius.*

The statute estoppel conclusively supplies the place of proof by the plaintiff of the settlement; but it does not otherwise affect the burden of proof, or the mode in which the issues involved are to be proved. As to the other issues, the plaintiff stands in the same position as if the settlement were proved in any other mode than by an estoppel.

In the case at bar, therefore, the presiding judge, who tried the case without a jury, correctly held that evidence was admissible upon the question whether the person furnished with supplies then stood in need of relief, and that it was his duty to pass upon this issue as a question of fact.

The plaintiff, in support of its view, relies upon *Freeport* v. *Edgecumbe*, 1 Mass. 459, 463. The ruling relied on was a ruling of a single justice at nisi prius, and we do not find any case in which it has been affirmed by the full court. The case, therefore, has not the weight of an authority for the plaintiff.

*Exceptions overruled.*