INHABITANTS OF WALTHAM *vs.* INHABITANTS OF BROOKLINE.

Middlesex.   Jan. 11, 12. — 21, 1876.   COLT & ENDICOTT, JJ., absent.

In an action under the Gen. Sts. *c.* 73, § 25, by a town, for expenses paid for the support of a lunatic committed to a state hospital, against the town where he has a settlement, the plaintiff must show that the lunatic was a pauper at the time the relief was furnished.

MORTON, J.   This is an action to recover the amount of a bill paid by the plaintiff to the State Lunatic Hospital at Worcester, for the board, from July 22, 1870, to August 20, 1872, of Stephen W. Adams, a lunatic committed to said hospital on August 10, 1869, and alleged to have his settlement in the defendant town.  It appears from the bill of exceptions that " there was no evidence in the case that, before and upon August 10, 1869, Adams was a pauper, nor that he had ever been supported by or received any aid from any place as a pauper; nor that at or before his commitment, or after that time, he was a person in distress needing immediate relief."

The burden of proof was upon the plaintiff to show that, at the time the relief was furnished, Adams was a pauper; and as there was no evidence of this fact, the court should have ruled, as requested by the defendant, that the plaintiff could not maintain this action.   The statute provides that " every city and town paying expenses for the support or removal of a lunatic committed to either hospital, shall have like rights and remedies to recover the full amount thereof, with interest and cost, of the place of his settlement, as if such expenses had been incurred in the ordinary support of the lunatic ; and the lunatic, if of sufficient ability to pay the same, and any kindred obligated by law to maintain him, shall be liable for all such expenses paid by any city or town in either case."   Gen. Sts. *c.* 73, § 25. '

Although the word "pauper" is not used in this section, the plain intent of the Legislature was to give to towns paying the expenses of a lunatic, committed to either state hospital, the same rights and remedies against the place of his settlement, as if the expenses had been incurred in the ordinary support of a pauper. Such has been the uniform construction of the same language in the previous statutes, of which this is a revision. *Cummington* v. *Wareham*, 9 Cush. 585. *Andover* v. *Easthampton*, 5 Gray, 390. *Amherst* v. *Shelburne*, 11 Gray, 107.

The same rules of law, therefore, apply to this case, as if it had been a suit to recover the expenses of the ordinary support of a pauper. In order to maintain the action, the plaintiff was required to prove that the person supported or relieved by the town was a pauper, and that his settlement was in the defendant town. *New Bedford* v. *Hingham*, 117 Mass. 445.

As for these reasons there must be a new trial, we have not deemed it necessary to consider the other questions raised by this bill of exceptions.                                    *Exceptions sustained.*

*B. B. Johnson*, for the plaintiff, was first called upon.

*M. Williams, Jr.*, for the defendant, was stopped by the court.