## HUMPHREY MOOAR *vs.* FREDERIC HARVEY.

Essex. Nov. 5, 1879. — Jan. 24, 1880. . COLT & AMES, JJ., absent.

A person may change his domicil while in the military service.
Upon the issue of a change of domicil, the question of the party's intent, when his testimony is contradicted by other evidence, is one of fact for the jury.

CONTRACT upon four promissory notes, signed by the defendant, payable to the plaintiff, or order, on demand, and dated, respectively, October 19, 1861, December 14, 1861, February 19, 1862, and August 15, 1862. Writ dated July 23, 1877. Answer, the statute of limitations. After the former decision, reported 125 Mass. 574, the case was tried in the Superior

Court, before *Pitman*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, the substance of which appears in the opinion.

*E. J. Sherman & C. U. Bell*, for the defendant.

*W. S. Knox*, for the plaintiff.

MORTON, J. The only issue presented in this case was whether the defendant had changed his domicil from Lawrence to Washington before six years had elapsed after the date of the notes in suit. Gen. Sts. *c.* 155, § 9.

It appeared at the trial that in 1862 he had his domicil in Lawrence; that he then enlisted in the army, served for a year, was discharged, and reënlisted for a term of five years; that, in February 1864, he was detailed as a book-keeper in the Surgeon General's office in Washington; that in 1869 he was appointed a clerk in the Treasury Department in Washington, which office he now holds; and that, since February 1864, he has lived in Washington. The six years which would bar the latest of the notes in suit expired August 15, 1868. Up to that time, the defendant was in the military service subject to the orders of his superior officers, but it is not true, as contended by his counsel, that therefore he could not gain a new domicil in any place to which he was ordered. In all matters not involved in his military duties, he was *sui juris*, and had the capacity to change his domicil to any place if he saw fit. The jury would be justified in finding that, since 1864, he has actually lived in Washington, with short occasional absences. This is one essential element of domicil in Washington.

The remaining element is the intent with which he lived there. The burden was upon the plaintiff to prove that he lived there with the intent to make it his home or domicil; and the only exception now insisted upon is to the ruling of the court that there was sufficient evidence to be submitted to the jury upon this question. But, as we have before said, he lived in Washington, and all the outward *indicia* which usually determine the domicil of a person pointed to that place as the place where he resided and had his home. The evidence tended to show that he had not paid taxes nor voted in Lawrence since 1862. This failure to perform the duties and avail himself of the privileges of a citizen is a significant fact pointing to a change of

domicil. There was evidence that he had admitted that he had "resided in Washington" since 1864. It is true, he testified that he did not intend to change his domicil to Washington, but he was contradicted upon material points by other witnesses, and it was exclusively within the province of the jury to determine the weight his testimony was entitled to. What was his intent was a question of fact to be decided upon all the evidence in the case, and we are of opinion that, upon the evidence in this case, this question could not properly have been taken from the jury.

*Exceptions overruled.*