GEORGE STONE *vs.* ISAIAH GRAVES, administrator.

Essex. November 4. — 23, 1887. DEVENS & KNOWLTON, JJ., absent.

It cannot be ruled, as matter of law, that the work of shaving an aged and infirm person in his own house on the Lord's day is not a work of necessity.

CONTRACT, upon an account annexed, for services rendered to Samuel Graves, the defendant's intestate.

At the trial in the Superior Court, before *Hammond*, J., without a jury, it appears that the services rendered were the shaving of the beard of the defendant's intestate for a number of years before his death ; that the intestate was over eighty years of age, and had received an injury to his shoulder, which made it difficult for him to shave himself ; and that the shaving was all done at the house of the intestate, by the plaintiff, who was a shoemaker by trade, and mostly on the Lord's day.

The defendant asked the judge to rule that the plaintiff could not recover for the services rendered on the Lord's day. But the judge declined so to rule, and found as a fact that the services rendered on the Lord's day were works of necessity.

The defendant also asked the judge to rule that there was no evidence to warrant a finding that the shaving of the beard of the defendant's intestate on the Lord's day was a work of necessity. But the judge declined so to rule ; and found for the plaintiff for the full amount of his claim.

The defendant alleged exceptions.

*E. F. P. Smith*, for the defendant. The doing of " any manner of labor, business, or work, except works of necessity and charity," on the Lord's day, is prohibited by the Pub. Sts. *c.* 98, § 2.

In *Phillips* v. *Innes*, 4 Cl. & Fin. 233, it was held that shaving and hair-cutting were not works of necessity. Lord Chancellor Cottenham said : " This work [shaving] is not a work of necessity, nor is it a work of mercy, it is one of mere convenience." See also *Commonwealth* v. *Jacobus*, Leg. Gaz. Rep. 491.

It is no sufficient excuse for work on the Lord's day, that it is more convenient or profitable if then done than it would

be to defer or omit it. *Jones* v. *Andover*, 10 Allen, 18. *Commonwealth* v. *Sampson*, 97 Mass. 407. *McGrath* v. *Merwin*, 112 Mass. 467.

" The necessity contemplated by the exception in the statute was the necessity of the person who worked, and not of him who compelled the work. . . . . Gain, in fact, was the object of the master; and such work, being for hire merely," is not a work of necessity. Lord Brougham, in *Phillips* v. *Innes, ubi supra.*

The ordinary business of the plaintiff being that of a shoemaker, it was not necessary for him to do the work of a barber on the Lord's day.

*H. P. Moulton,* for the plaintiff.

. FIELD, J. It appears that Graves, the defendant's intestate, was an old man, whose shoulder had been injured, and who could not well shave himself; and that the work of shaving him was done by the plaintiff, not in a public shop, but in the house of Graves. If Graves wished to be shaved on the Lord's day in his own house, we cannot say, as matter of law, that it was not morally fit and proper that the plaintiff should shave him.

*Exceptions overruled.*