CITY OF TAUNTON *vs.* INHABITANTS OF WAREHAM.

Bristol.    October 31, 1890. — January 19, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Pauper — Settlement — Recovery for Support of Lunatic — Notice.*

An adult person, in order to gain a settlement in a town or city, under the St. of 1874, c. 274, § 1, (Pub. Sts. c. 83, § 1, cl. 5,) by a five years' residence and the payment of all taxes assessed to him "for any three years within that time," must have resided in the town or city during the whole of the three years for which the taxes were assessed.

A city, in order to recover the expenses paid by it for the support of a pauper committed to a State lunatic hospital from the town of the pauper's settlement, must first give the town notice thereof; and the amount recoverable in such case is limited to the expenses incurred by the city within three months next before such notice is given.

CONTRACT to recover for the support of a pauper in a State lunatic hospital. Writ dated February 1, 1890. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, which appear in the opinion.

*C. A. Reed,* for the plaintiff.

*H. M. Knowlton,* for the defendant.

BY THE COURT. The following opinion was prepared by Mr. Justice DEVENS, and was adopted after his death as the opinion of the court by the Justices who sat with him at the argument.

The pauper, one McMahon, for the expense of whose support this suit was brought, was originally settled in the defendant town; and the principal question is, whether he acquired a settlement in the city of Taunton under the St. of 1874, c. 274, § 1, which is re-enacted in the Pub. Sts. c. 83, § 1, cl. 5. He removed to Taunton from Wareham in 1873, and resided there continuously until December 4, 1879, when he was committed to the State lunatic hospital in Taunton, but not on the application of the overseers of the poor of that city. He was found to be a pauper, and since such commitment his charges at the hospital have been paid by the plaintiff city. He was assessed in Taunton in 1876, but his tax for that year was abated. He paid the poll tax, which was the only tax assessed upon him each year by the assessors of Taunton, in 1877, 1878, and 1879, for those years respectively. These taxes were paid before his commitment in December, 1879, and, together with the tax of 1876, were the only taxes assessed upon him from any source after 1873. By his commitment to the hospital in December, 1879, and his then becoming a public charge, his capacity to gain a settlement in Taunton ceased. *Choate* v. *Rochester,* 13 Gray, 92. *Worcester* v. *Auburn,* 4 Allen, 574. It is therefore to be considered whether he had then, or previously, acquired a settlement in the plaintiff city.

The section of the statute (St. 1874, c. 274, § 1) under which it is claimed by the defendant that McMahon had gained a settlement is as follows: "Any person of the age of twenty-one years who resides in any place within this State for five years together, and pays all State, county, city, or town taxes duly assessed on his poll or estate for any three years within that time, shall thereby

gain a settlement in such place." It is the contention of the plaintiff that the statute requires the three years for which the full taxes are assessed and paid to be within the five years of residence in order to establish a settlement under this clause, and that no settlement was acquired by McMahon, as he became a public charge before the third year for which he paid taxes was completed, and his residence, so far as any settlement could be gained thereby in Taunton, then ceased; or, in other words, that the five years of residence must include three full tax years, for which all the assessments for taxes were paid by the person claimed to have acquired a settlement.

The question thus suggested does not appear ever to have been passed upon, although the clause of the statute we are considering is taken from the St. of 1793, c. 34, the terms alone being changed from two to five years of residence, and from five to three years of taxation. It has however been held, that, where two or more things are requisite in order that a settlement be gained, it is necessary that they should be coincident. Under the fourth mode of acquiring a settlement by the St. of 1793, c. 34, § 2, cl. 4, — which is, that "any person of twenty-one years of age, being a citizen of this or any of the United States, having an estate of inheritance or freehold in the town or district where he dwells and has his home of the clear yearly income of three pounds, and taking the rents and profits thereof three years successively, whether he lives thereupon or not, shall thereby gain a settlement therein," — it has been held that, to gain a settlement, a citizen must dwell in the town the same three years that he holds therein an estate of freehold of the prescribed value. *Boston* v. *Wells*, 14 Mass. 384. Under cl. 5 of the same section, — the fifth mode, which provided that any person " having an estate the principal of which shall be set at sixty pounds, . . . in the valuation of estates made by assessors, and being assessed for the same to State, county, town, or district taxes, for the space of five years successively in the town or district where he dwells and has his home," shall thereby gain a settlement therein, — it was held that the five years' residence and five years' taxation must be coincident, and that, as the pauper left Marlborough before the expiration of the last year for which he was taxed, and thus did not reside in the town for the same five years for which

he was assessed, he did not there gain a settlement, although he had resided there more than five years. *Southborough* v. *Marlborough,* 24 Pick. 166. See also *Wakefield* v. *Alton,* 3 N. H. 378; *Tamworth* v. *Freedom,* 17 N. H. 279; *Barre* v. *Greenwich,* 1 Pick. 129.

The defendant urges that, when the statute requires the payment of taxes assessed for three years, the true interpretation is, that it refers to the annual tax assessed as of the 1st of May; that on that day the resident becomes liable for his annual tax, and when he has paid it he has fulfilled his annual duty. But if he had property he might become liable for what might be termed accidental assessments, as for sewers, betterments, etc., and it would be impossible to say that he might not have property, and thus be liable to such assessments when they might be laid. The tax year 1879 had not terminated when McMahon ceased to have any further power of acquiring a settlement, and the defendant therefore fails to show that there were three years for which all the taxes assessed were paid by him within the five years of his residence.

The question remains as to the amount which the plaintiff is entitled to recover. We are of opinion that this is limited to the amount paid during the three months previous to the first notice, dated June 29, 1889, given by the plaintiff to the defendant of its claim for reimbursement for the pauper's support, and to the amount paid during the three months prior to a second like notice, dated January 16, 1890, with interest thereon. By the Pub. Sts. c. 87, § 34, it was intended by the Legislature to give to towns paying the expenses of a lunatic committed to either State hospital the same rights and remedies against the place of his settlement as if the expenses had been incurred in the ordinary support of a pauper, and the same rules of law apply as if this had been a suit to recover the expense of the ordinary support of a pauper. *Waltham* v. *Brookline,* 119 Mass. 479.

The plaintiff contends that it is entitled to recover from March 29, 1889, being three months prior to the first notice to the date of the writ, and that the provisions as to notice set forth in the Pub. Sts. c. 84, §§ 14, 28, 29, do not apply to the Pub. Sts. c. 87, § 34. It is an established rule, in the construction of statutes which provide for the application to a new class of cases

of the same remedies which are prescribed for another class, that the remedies shall be held to apply to the new class so far only as they are appropriate to the subject matter to which they are to be applied.   This rule was adopted in *Worcester* v. *Milford*, 18 Pick. 379, in considering those provisions of the statutes which are substantially re-enacted in those we are discussing. In *Amherst* v. *Shelburne*, 11 Gray, 107, it was held that notice from one town to another of a claim, made by the treasurer of a State lunatic hospital, for the past and future support of a pauper, was sufficient to support an action for the past expenses, although not actually paid until more than three months thereafter, but not for the expenses for the support of the pauper after such notice.

The plaintiff also contends that no statutory notice was necessary from it, and that it is entitled to reimbursement of all expenses paid within six years of the date of the writ, or at least those which have been paid within two years, it having given all the notice which would be required at common law to maintain a claim where the defendant had no knowledge of his liability. But, notwithstanding the difficulty or awkwardness of applying the remedies provided in the Pub. Sts. c. 84, §§ 14, 28, 29, to the Pub. Sts. c. 87, § 34, in those cases where the pauper has been committed to a State lunatic hospital by public authority, and not at the request of the town of which he is a resident, we are of opinion that they so far govern the case as to require a notice from such town to the town which it deems chargeable for the amount which it has paid or been compelled to incur, and that it can recover only the sum which it has paid or incurred within the three months previous.

*Judgment accordingly.*