CITY OF NORTHAMPTON *vs.* INHABITANTS OF PLAINFIELD.

Hampshire.    September 17, 1895. — November 2, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Pauper — Support of Lunatic — Action — Damages.*

A city, having given the notice required by the Pub. Sts. c. 84, § 14, is entitled to recover from the town of a pauper's settlement the full amount paid by the city for the support of the pauper in a State lunatic hospital, from three months prior to the notice down to the date of the writ, provided the writ is brought within two years from the date of the notice.

CONTRACT, to recover the expenses incurred by the plaintiff for the support in the Northampton lunatic asylum of a pauper, whose settlement was alleged to be in the defendant town.    Writ dated June 21, 1894.

Trial in the Superior Court, without a jury, before *Hopkins,* J., who found that the person committed to the hospital was a lunatic pauper; that she was thus committed on October 11, 1892; that she then resided in the plaintiff city; that she had been confined in the hospital continuously from that time to the time of the trial; that her legal settlement was during all that time in the defendant town; that the treasurer of the hospital had duly demanded of the plaintiff payment of the charges for the support of the pauper, and the plaintiff had paid every three months since the commitment the legal charges due therefor; that the amount thus paid prior to the commencement of this action was $249.32; that on November 18, 1892, the plaintiff gave due notice to the defendant of the fact of commitment and the date thereof, and that it had incurred and paid the legal charges on account thereof, and requested the defendant to provide for the pauper, and notified the defendant that it would seek reimbursement for such charges as had been paid and that might thereafter become due; and that this was the only notice given by the plaintiff to the defendant.

The plaintiff asked the judge to rule that it could recover the entire amount paid by it from the time of the commitment to the date of the writ.

The judge refused so to rule, and ruled that the plaintiff could recover only for the expenses incurred within three months next before the notice of November 18, 1892, and interest thereon; and found for the plaintiff in the sum of $20.40.

The plaintiff alleged exceptions.

*A. E. Addis*, for the plaintiff.

*F. R. Shaw*, for the defendant.

LATHROP, J.   The question in this case is whether the plaintiff is entitled to recover the full amount expended by it for the support of the lunatic pauper from the date of her commitment to the Northampton lunatic hospital on October 11, 1892, to the date of the writ, June 21, 1894, or whether it is entitled to recover only for the expenses incurred within three months next before the notice given by the plaintiff to the defendant, which was on November 18, 1892.

By the Pub. Sts. c. 87, § 34, " Every city or town paying expenses for the support or removal of a lunatic committed to either hospital shall have like rights and remedies to recover the full amount thereof, with interest and costs, of the place of his settlement, as if such expenses had been incurred in the ordinary support of the lunatic."

This statute had its origin in the St. of 1834, c. 150, § 7, which related to the State lunatic hospital at Worcester.   Section 7 gave a right of action to the trustees for the support of a patient committed to the hospital, and for his removal, against the town or city where the patient resided at the time of the application for commitment, and further provided as follows : " And such town or city shall have the same rights and remedies against all corporations and persons, to recover such expense of supporting and removing any pauper lunatic, as if such expense had been incurred by said town or city, in the ordinary support of such lunatic."   This was incorporated in the Rev. Sts. c. 48, § 10.

By the St. of 1841, c. 77, it was enacted as follows : " Whenever any lunatic or insane person shall be committed to the State lunatic hospital at Worcester from any town wherein he has not a legal settlement, and such town shall pay the expense of his support at said hospital, such town may recover from the town in which he has a legal settlement the full amount of all the expense so paid to said hospital."

This statute was combined with the Rev. Sts. c. 48, § 10, in the Gen. Sts. c. 73, § 25, where the language is the same as now appears in the Pub. Sts. c. 87, § 34, the St. of 1841 being expressly repealed by the Gen. Sts. c. 182.

In *Taunton* v. *Wareham*, 153 Mass. 192, 195, this court, speaking of the Pub. Sts. c. 87, § 34, said: "It was intended by the Legislature to give to towns paying the expenses of a lunatic committed to either State hospital the same rights and remedies against the place of his settlement as if the expenses had been incurred in the ordinary support of a pauper, and the same rules of law apply as if this had been a suit to recover the expense of the ordinary support of a pauper." We have no doubt of the correctness of this statement of the law, which is supported by abundant authority. See *Waltham* v. *Brookline*, 119 Mass. 479, and cases cited.

The precise point involved in the case at bar was also decided in *Taunton* v. *Wareham*, in favor of the defendant, without any discussion, relying upon the case of *Amherst* v. *Shelburne*, 11 Gray, 107, as a precedent, and the plaintiff asks us to review these cases on this point. The importance of the question involved to the towns of this Commonwealth has induced us to yield to this request, and to examine the statutes and authorities bearing upon the question anew.

By the Pub. Sts. c. 84, § 14, "The overseers of the poor, in their respective places, shall provide for the immediate comfort and relief of all persons residing or found therein, having lawful settlements in other places, when they fall into distress and stand in need of immediate relief, and until they are removed to the places of their lawful settlements; the expense whereof, incurred within three months next before notice given to the place to be charged, as also of their removal, or burial in case of their decease, may be recovered by the place incurring the same against the place liable therefor, in an action at law to be instituted within two years after the cause of action arises, but not otherwise." This section, in substantially its present form, has been in force since the St. of 1793, c. 59, § 9. See Rev. Sts. c. 46, § 13; Gen. Sts. c. 70, § 12.

Further provisions as to notice are contained in the Pub. Sts. c. 84, §§ 28, 29, but they throw no light on the question involved,

and they need not be stated. These provisions also have been in force since the St. of 1793 took effect. St. 1793, c. 59, § 12. Rev. Sts. c. 46, §§ 19, 20. Gen. Sts. c. 70, §§ 17, 18.

It thus appears that the statutory provisions having any bearing upon the question before us have been the same since the enactment of the St. of 1793.

In the earlier cases in this Commonwealth, it was assumed, without discussion, that where a pauper having a settlement in one town became a charge on another town, if the town furnishing support duly notified the town of settlement, and the pauper continued to be a charge, only one notice was necessary to hold the town where the pauper had his settlement for the proper expenses incurred, from three months before the delivery of the notice down to the date of the writ, provided the action was brought within two years after the date of the notice. *Marlborough* v. *Rutland*, 11 Mass. 483, 485. *Harwich* v. *Hallowell*, 14 Mass. 184. *Uxbridge* v. *Seekonk*, 10 Pick. 150.

In *Attleborough* v. *Mansfield*, 15 Pick. 19, the expenses were incurred from October 10, 1826, to the last of June, 1827. Notice was given on October 18, 1826. The defendant contended that it was not liable for any expense incurred after the notice of October 18, 1826, for the reason that the aid furnished was not continuous, and it had received no subsequent notice. It was held, however, that the plaintiff was entitled to recover the full amount claimed. The St. of 1793, c. 59, § 9, was construed as limiting the right to recover " to a period commencing three months before and continuing two years after notice given."

Before this case was decided, it had been held that, if the town furnishing the supplies had brought an action to recover them, it could not, without a new notice, recover for any expenses incurred after the bringing of the first action. *Hallowell* v. *Harwich*, 14 Mass. 186. And it was so held in *Walpole* v. *Hopkinton*, 4 Pick. 358, where the second action was brought while the first one was pending. So, too, it had been previously held that if, after notice given, the town of the pauper's settlement provided for him, it was not further liable for subsequent expenses incurred by the town giving the notice, without a new notice. *Sidney* v. *Augusta*, 12 Mass. 315. See also *Palmer* v. *Dana*, 9 Met. 587.

In *Attleborough* v. *Mansfield*, these exceptions to the general rule were recognized, but it was held that the fact that the aid in that case was not continuous did not bring the case within the exceptions ; and that the general rule applied.

In *Topsfield* v. *Middleton*, 8 Met. 564, the writ, as appears from the original on file in the clerk's office, was dated May 8, 1841, the notice was given on March 24, 1840, and the plaintiff sought to recover for supplies furnished before the notice, and also for supplies furnished after the notice down to April 9, 1841. The defendant tendered the amount due for supplies furnished before the notice was given, and contested its liability for the supplies subsequently furnished, on the ground that a new notice should have been given.   This was the only question considered by the court, which held, Mr. Justice Dewey delivering the opinion, that no new notice was necessary, and that the plaintiff was entitled to recover the full amount claimed.

In  *Commonwealth* v. *Dracut*, 8 Gray, 455, under the Rev. Sts. c. 46, § 13, the law was assumed to be as above stated, and judgment in the case was rendered for the plaintiff accordingly.

In the first cases which arose under the St. of 1841, it was contended that the act in effect repealed the Rev. Sts. c. 46, § 13, but the court held that the only purpose of the act was to determine the measure of damages, and to allow the full amount paid to the hospital ; and that the act did not alter the law in regard to the time in which the action should be brought, or the length of time for which a town might recover, or the notice to be given. *Cummington* v. *Wareham*, 9 Cush. 585.   Two actions between the same parties were tried together for the support of a pauper in the State lunatic hospital at Worcester.   In the first case the plaintiff sought to recover the amounts paid by it to the hospital from December 15, 1848, to the date of the writ, which was January 15, 1850.   Notice was given on March 15, 1849. It was held that the plaintiff was entitled to recover the full amount of its claim.   In the second action, which was brought during the pendency of the first, on December 31, 1851, the plaintiff sought to recover the expenses paid to the hospital from December 2, 1844, the time of the commitment of the pauper to the hospital, to the date of the writ, deducting the amount recovered in the first action.   Notice was given on December 9,

1850, and it was held that the plaintiff could recover from three months prior to the notice, and down to the time of bringing the action. It was also held that the fact that the previous action was pending did not obviate the necessity of giving a new notice, and this on the authority of the cases which we have already cited as establishing the exceptions to the general rule.

The language of Chief Justice Shaw on this point is as follows : " It remains to consider the claim for the period which elapsed between the commencement of the former suit, and the time of the commencement of this suit. This depends on different considerations. The law is very explicit that for every new action a new notice must be given, even though a former action between the same parties, for the support of the same pauper, is still pending. *Sidney* v. *Augusta*, 12 Mass. 316. *Walpole* v. *Hopkinton*, 4 Pick. 358. *Uxbridge* v. *Seekonk*, 10 Pick. 150." 9 Cush. 591. So far from the case holding that the plaintiff was limited to the three months before the second notice was given, it was expressly said by the Chief Justice : " We think therefore that the time, for which alone the plaintiffs in this suit can recover, must be computed from September 9, 1850, three months before the notice, and continued down to the time of bringing this action [December 31, 1851], or the time when the defendant town assumed the charge of the pauper, whichever first occurred." 9 Cush. 591, 592.

In *Andover* v. *Easthampton*, 5 Gray, 390, the plaintiff sought to recover money which it paid to the State lunatic hospital at Worcester on December 2, 1854, for the support of a pauper at the hospital from December 1, 1848, to December 1, 1854. The writ was dated March 17, 1855. Notice was given on December 4, 1854. It was held that the plaintiff was entitled to recover. There is nothing in this case inconsistent with the preceding cases. The fact that the St. of 1841, c. 77, did not change the provisions of the Rev. Sts. c. 46, § 13, as to notice to the defendant and the limitation of the action, was expressly recognized. The point decided was that the plaintiff did not incur the expense until it paid the hospital, and that, as the payment was within three months before, and the action was brought within two years after the notice, it was seasonably brought.

In *Amherst* v. *Shelburne*, 11 Gray, 107, the writ was dated

April 27, 1857. The plaintiff sought to recover money paid in March and December, 1856, for the support of a pauper at the State lunatic hospital at Worcester. The notice was sent to the defendant on November 28, 1854, and was as follows : " The treasurer of the State lunatic hospital at Worcester has presented to town of Amherst a bill of $621.40, for board and articles of clothing furnished to Norman Smith from November 1, 1848, to June 1, 1854; six years past. We shall look to you to furnish us the money to pay this bill, and also for Smith's support since June 1, 1854, and as often as the bills at the hospital become due, which is, we believe, on the first of June and first of December each year." The notice also set forth the fact in regard to the pauper's settlement.

The money paid the plaintiff in March, 1856, was the $621.40 specifically mentioned in the notice. It was held, as to this, that the plaintiff could recover, on the authority of *Andover* v. *Easthampton*. As to the second item it was said by the court: " For the sum paid by the plaintiffs to the hospital, in addition to $621.40, the defendants are not liable in this action, for the reason that they have not received any legal notice of the plaintiffs' claim thereto. *Cummington* v. *Wareham*, 9 Cush. 591."

The case of *Amherst* v. *Shelburne* is in some aspects an anomalous one. As to the first item recovery was allowed, although the action was not brought until more than two years after the notice was given, whereas the general rule is that such an action must be brought within the two years. As to the second item, the court either misapprehended the language of Chief Justice Shaw in *Cummington* v. *Wareham*, or decided that the plaintiff could not recover this item because no notice in regard to it was given within two years of the bringing of the writ. We cannot regard the case as an authority for the position that the plaintiff in an action on the statute is limited to the expenses incurred within three months prior to the notice.

In *Worcester* v. *Northborough*, 140 Mass. 397, support was furnished by the plaintiff to a woman from December 28, 1881, to February 13, 1882. Board was also paid for a minor child on March 1, 1882. Notice was given on January 7, 1882. The writ was dated February 9, 1884. The plaintiff was allowed to recover only for the expenses incurred during two years prior

to the date of the writ, being for the board of the child and for four days' support of the woman. No notice is taken in the opinion in this case that the suit was not brought within two years after the notice was given; nor is any reason given why the plaintiff, if entitled to recover at all, was not entitled to recover for such period of time within the three months prior to the notice as aid was furnished. An examination of the briefs in this case shows that the attention of the court was not directed to either point.

In *Reading* v. *Malden*, 141 Mass. 580, aid was furnished by the plaintiff from March 1, 1881, to April 1, 1882. Two notices were given, one on March 2, and the other on March 31, 1881. The writ was dated September 15, 1883. The plaintiff contended that it was entitled to recover because the aid was begun within three months before the notice, and was ended within two years before the action was brought; but the court held that, as the action was brought more than two years after the notice, it could not be maintained. It was said " that the cause of action arises at the time the notice is given." The law as stated in *Attleborough* v. *Mansfield*, 15 Pick. 19, namely, that " the right to recover is expressly limited to a period commencing three months before and continuing two years after notice given," was cited with approval. It was also said of *Townsend* v. *Billerica*, 10 Mass. 411, *Hallowell* v. *Harwich*, 14 Mass. 186, and *Uxbridge* v. *Seekonk*, 10 Pick. 150, " These cases have not been overruled or modified by any subsequent cases."

This review of the authorities leads us to the conclusion that the case of *Taunton* v. *Wareham*, 153 Mass. 192, so far as the point now before us is concerned, was erroneously decided, and should be overruled; and that the ruling requested by the plaintiff, being in accordance with the weight of authority in this Commonwealth, should have been given.

*Exceptions sustained.*