INHABITANTS OF WHATELY *vs.* INHABITANTS OF HATFIELD.

Franklin.    September 17, 1907. — October 16, 1907.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Pauper. Domicil.*

The domicil of a pauper for the purposes of settlement is not changed or interrupted by his imprisonment for four months in the house of correction in another town for the crime of larceny.

CONTRACT by the town of Whately against the town of Hatfield for expenditures amounting to $261.52 incurred on and for a period after September 3, 1904, for the immediate relief and support of the family of one John Wagner, a pauper alleged to have a settlement in Hatfield.    Writ dated March 29, 1906.

In the Superior Court the case was submitted upon an agreed statement of facts to *Fessenden,* J., who ordered judgment for the defendant.    The plaintiff appealed.

*S. D. Conant,* for the plaintiff.

*J. B. O'Donnell,* for the defendant.

BRALEY, J.    The amount disbursed by the plaintiff for the relief as paupers of the wife and children of John Wagner cannot be recovered from the defendant if he previously had gained a settlement in Whately.    R. L. c. 81, § 1; c. 80, § 1, cls. 1, 2. In the agreed facts his domicil of origin is not stated, but he is shown to have removed with his family from Hatfield to the plaintiff town in March, 1896, where he continued to reside until October, 1902, unless his absence therefrom for four months in 1897 under a sentence to the house of correction is to be treated as an interruption.    But for this term of imprisonment, having been assessed and having paid a poll tax for three years, although the assessments were not consecutive, under Pub. Sts. c. 83, § 1, cl. 5, then in force, he gained a settlement.    *Taunton* v. *Wareham,* 153 Mass. 192.    It often has been decided in the construction of our statutes relating to the settlement of paupers, and of those relating to taxation, that residence for either purpose includes something more than mere physical presence.    There

must be on the part of the pauper, and of the taxpayer, the settled intention of choosing his place of residence with the object of making it his home. *Borland* v. *Boston*, 132 Mass. 89. *Lyman* v. *Fiske*, 17 Pick. 231, 234. *Stoughton* v. *Cambridge*, 165 Mass. 251. *Phillips* v. *Boston*, 183 Mass. 314, 316. It is settled for these purposes that no man shall be regarded as without a domicil either of birth or of choice, and, when an acquired status once is established, the presumption of its continuance follows until a contrary purpose is manifested by an actual change of residence with the intention of remaining permanently at the place of removal. *Jennison* v. *Hapgood*, 10 Pick. 77. *Chicopee* v. *Whately*, 6 Allen, 508. *Shaw* v. *Shaw*, 98 Mass. 158, 160. *Hallett* v. *Bassett*, 100 Mass. 167, 170. A change of this nature being voluntary involves the exercise of the power of choice, and for this reason adults mentally incapable have been held unable to acquire a settlement for themselves. *Phillips* v. *Boston*, *ubi supra*, 316, and cases cited. There is no statement that during the time of his absence it was the intention of Wagner to change his place of abode, nor are any facts recited from which as matter of law such an inference can be drawn. See *Brooks* v. *West Springfield*, 193 Mass. 190. The house of correction was not his residence but his place of punishment; and his temporary detention in prison in another town of the county being compulsory did not of itself work any change of domicil. *Collester* v. *Hailey*, 6 Gray, 517. *Langdon* v. *Dowd*, 6 Allen, 423. *Hallett* v. *Bassett*, 100 Mass. 167. *Mooar* v. *Harvey*, 128 Mass. 219. *Cobb* v. *Rice*, 130 Mass. 231, 235. *Freeport* v. *Stephenson County*, 41 Ill. 495. *Grant* v. *Dalliber*, 11 Conn. 234, 238. *Topsham* v. *Lewiston*, 74 Maine, 237. *Young* v. *Pollak*, 85 Ala. 439. *Barton* v. *Barton*, 74 Ga. 761. We are not unmindful that in the cases of *Reading* v. *Westport*, 19 Conn. 561, and *Washington* v. *Kent*, 38 Conn. 249, a different conclusion was reached, but the earlier case of *Grant* v. *Dalliber*, *ubi supra*, seems to us not only more in harmony with our own decisions on the question of domicil, but on the exact point presented is in accord with the cases previously cited from other jurisdictions. If, however, his legal settlement remained, the plaintiff further contends that its acquisition was interrupted because while a prisoner Wagner, having been unable to pay for his support, must be considered

as a pauper. *East Sudbury* v. *Sudbury*, 12 Pick. 1. *East Sudbury* v. *Waltham*, 13 Mass. 460. *Worcester* v. *Auburn*, 4 Allen, 574. *Taunton* v. *Wareham*, 153 Mass. 192. See Sts. 1874, c. 274, § 4; 1878, c. 190, § 1, cl. 6; 1879, c. 242, § 1; Pub. Sts. c. 83, § 2; R. L. c. 80, § 2. But upon his conviction and sentence to imprisonment for larceny, under Pub. Sts. c. 203, § 20, he must be classified as a criminal whose support during confinement was first to be borne by the county, as provided in Pub. Sts. c. 220, §§ 53, 54. The right conferred upon the county commissioners by Pub. Sts. c. 220, §§ 60, 61, re-enacted in R. L. c. 224, §§ 34, 35, to recover from him any excess that remained due for maintenance "after deducting the net profit of his labor," was a personal liability enforceable against him, or "any parent, master or kindred liable by law to maintain him," but in no sense could the plaintiff have been held responsible as he was not convicted and sentenced for either of the offences punishable under Pub. Sts. c. 203, § 23, and c. 207, § 29. *Boston* v. *Dedham*, 8 Met. 513. Before closing the discussion, it should be observed that R. L. c. 224, §§ 34, 35, 36 and 37, have been repealed by St. 1904, c. 211.

The decision of the questions discussed renders any consideration of the sufficiency of the notice given to the defendant immaterial, and no error of law appearing the judgment of the Superior Court in its favor is affirmed.

*So ordered.*