### VIOLATION OF THE SUNDAY LAW BY OPENING A BAKERY ON THAT DAY.

Common Pleas Court of Cuyahoga County.

LUDWIG STRAKA v. STATE OF OHIO.

Decided, November 30, 1914.

*Sunday Laws—What Constitutes Work of Necessity—Sale and Distribution of Fresh Bread Not Such a Work—Sections* 13044 *and* 13045.

The keeping open of a bakery on Sunday is a violation of Section 13044, notwithstanding only fresh bread stuffs are sold and the community is in the habit of procuring from such bakery on Sunday its supply of fresh bread stuffs for use on that day.

LIEGHLEY, J.

This case came into this court on petition in error from the municipal court of Cleveland, Ohio.

The defendant below was charged with violation of Section 13044 of the General Code in keeping open a bakery store where

fresh bread stuffs only were sold on Sunday, and the affidavit was in form sufficient to charge an offense under said section.

The defendant was tried and convicted upon the following agreed statement of facts:

"That defendant's store was open for the transaction of business on the 24th day of August, 1913; that the merchandise offered for sale was fresh bread, fresh rolls, and other fresh-baked goods; that said bread, etc., would have become stale and nearly a total loss to defendant if not sold on said day; that defendant's customers relied upon him for said necessaries of life, and did not have said necessaries within their homes; that said day was Sunday; and that defendant did not observe the seventh day of the week as Sunday."

The following are some of the authorities cited by counsel in their briefs: *McGatrick* v. *Wason,* 4 O. S., 566; *Stone* v. *Graves,* 145 Mass., 353; *Aldrich* v. *Inhabitants of Blackstone,* 128 Mass., 148; *Sullivan* v. *Railway Co.,* 82 Me., 196; *Topeka* v. *Hempstead,* 58 Kansas, 328-30; *Morris* v. *State,* 31 Ind., 189; *Wilkinson* v. *State,* 59 Ind., 416; *Whitman* v. *Gilman,* 35 Vt., 297; *Hermendorf* v. *State,* 25 Tex. App., 597; *Donovan* v. *McCarty,* 155 Mass., 543; *Emery* v. *Spencer,* 24 Penn. St., 270; 24 Am. & Eng. Enc. of Law, 542; 10 O. D.   Also an unreported case of *Holmes* v. *State,* decided by Judge Babcock of this court March 10, 1908, a copy of which opinion was furnished this court, in which Judge Babcock held that keeping open a grocery store was a violation.

Section 7033, Revised Statutes (now 13044, General Code), was amended in 1898, by adding to the original section words of more specific prohibition than merely forbidding common labor on Sunday.   Almost all of the Ohio authorities referred to by counsel were decided previous to the amendment of this statute, and are therefore not at all decisive of the question submitted in this case.

The plaintiff in error claims that the operation of his store in selling fresh-baked bread stuffs for the immediate needs of that community comes within the exception of a "necessity" under the provisions of Section 13045, General Code.

It is my opinion that ''necessity,'' as comprehended by this section of the statute, with few exceptions, arises from conditions or circumstances caused by an agency, either in whole or in part, over which man has no control.    For instance, it has been held that the distribution of milk upon Sunday is a necessity in view of the fact that the production of fresh milk is by Nature's decree daily, and therefore daily distribution of the same is necessary (58 Kans., 328-30).    Again, it would doubtless be regarded as a necessity that probably all stores might be open on Sunday, temporarily, following a catastrophe like the Dayton flood, or the Collinwood tragedy.    For other instances, see authorities cited above.

In the case at bar, the fact that the plaintiff had in his store on the particular Sunday in question a large supply of fresh-baked bread-stuff was entirely within his control and said food products were there because he baked them and put them there. Also the fact that the community in the immediate vicinity were without a supply of fresh bread, etc., and were in need of the same, was entirely due to the negligence of the people comprising said community in their failure to supply themselves with the same on Saturday night.    There was no agency in this situation which was not within the exclusive control of individuals, and the conditions were wholly created by them. If this court should hold, under the facts in this case, that the operation of this bake-shop and store on Sunday came within the classification of ''necessity'' under said Section 13045, General Code, it would result in granting permission to open all stores on Sunday that deal in perishable or *quasi*-perishable food products, limiting the sales to such goods only.

At the hearing it was strongly urged by counsel for Straka that this is a prosecution of the poor man, earning a living for himself and family with his small corner bakery, while no one ever thinks of prosecuting the wholesale baker who every Sunday delivers to down-town hotels and restaurants.

It is needless to record where my sympathies lie.    The wholesale baker is not on trial, and Straka is.    The record of the trial

below, the statute, and decisions of courts are before me, and it is my duty to follow the law as I understand it to be. If injustice is being done, by virtue of the existence of this statute, to the proprietors of the small corner bakeries, relief must be sought in the Legislature.

The judgment of the court below is affirmed, at costs of plaintiff below.